ZIEGLER, APPELLEE, *v.* OHIO WATER SERVICE CO., APPELLANT.

(No. 68-353—Decided May 14, 1969.)

102

*Mr. Richard E. Parrot,* for appellee.
*Messrs. Hoopes & Hoopes, Messrs. Mitchell, Mitchell & Reed* and *Mr. James E. Mitchell,* for appellant.

DUNCAN, J. Upon occasion, this court has been confronted with the problem of determining whether a particular use of property subject to an easement, for highway purposes, amounts to an additional burden or servitude entitling its owner to added compensation. It is clear that if there is an added burden or servitude, Section 19 of Article I of the Constitution of Ohio requires that the property owner be compensated. In the absence of a finding of an added burden or servitude, that constitutional guarantee is inapplicable.

The question presented in the instant case, coupled with the dynamic impact of the steadily increasing process of rural urbanization, calls for a review of a number of former holdings of this court.

In *State, ex rel. Graham,* v. *Board of County Commrs.,* 123 Ohio St. 362, the court held that the construction of a water main within a highway easement outside a municipality by a board of county commissioners, for the benefit of a sewer district and abutting owners, does not consti-

tute an additional burden upon the fee of the abutting owners. In the *Graham case,* Judge Robinson recognized and criticized the distinction which many courts have made between real property within a municipality and real property without a municipality and the traditional basis assigned for the difference. At page 368, he states as follows:

"* * * we are not unmindful of the fact that the weight of authority, both text and judicial decision, makes a distinction between the character of the title of the municipality to its public streets and the character of the title of the state to public highways outside municipalities; that theoretically a municipality owns the fee to its streets, in trust for the use of the public, and the abutting property owners outside municipalities own the fee to the highway, subject to the easement of the state or the public to use the highway for the purpose of travel. The distinction so made is an artificial one and not based upon sound logic. However, for the purposes of this case, we will concede the distinction and consider the rights of the public in the highway outside municipalities to be limited to the use for the purposes of travel and transportation and the right of the state to keep it in condition to serve that purpose. * * *"

This criticism of the distinction between property within and property without a municipality was, at least, a theoretical departure from that set forth in earlier Ohio cases. See *Callen* v. *Columbus Edison Electric Light Co.,* 66 Ohio St. 166; *Ohio Bell Telephone Co.* v. *Watson Co.,* 112 Ohio St. 385; *Daily* v. *State,* 51 Ohio St. 348. The court, in *Graham,* concluded that since individuals could use the highway to transport water for their own use, a board of county commissioners could furnish water to the public collectively by installing water mains, all of which would be included within the scope of an existing easement of use for highway purposes.

In *Hófius* v. *Carnegie-Illinois Steel Corp.,* 146 Ohio St. 574, this court again embraced the distinction between property inside and property outside a municipality, holding that the construction of a water main outside a munici-

pality for the benefit of domestic and industrial water users of the village constitutes an additional burden upon the fee of the abutting owner, and overruled paragraph two of the *Graham case, supra.* In the *Hofius case,* Judge Turner said at page 581:

"It is argued by appellees that the laying of pipes for transportation of a public water supply does not constitute any addition to the purposes of public transportation for which highways are dedicated and for which purposes public highways have long been used. *We think this position grows out of a failure to distinguish between the fee ownership of streets by a municipality and the limited easement held by the state for road purposes outside of municipalities.*" (Emphasis added.)

In 1964, this court decided the case of *Friedman Transfer & Construction Co.* v. *Youngstown,* 176 Ohio St. 209. The syllabus is as follows:

"The rule, that an easement granted to a city for street purposes includes the right of the city to install without compensation water pipes which impose no additional burden on the abutting property, applies to an easement granted to the state Department of Highways and its assigns for the purpose of constructing a bridge upon a highway within the city."

The rationale of the *Friedman case* is symptomatic of the acute strain the court suffered in the implementation of a rule of law which is more illusory than meaningful. In *Friedman,* the easement granted the state was a perpetual aerial easement for the purpose of constructing and maintaining a bridge, in, upon, and over the lands described, all of which were situated within the city of Youngstown. The easement also contained the grantor's waiver of claim for "any other interference" incidental to the main grant. The city of Youngstown installed water pipes on the bridge. The primary purpose of the original acquisition of the easement was for the construction of a bridge for the *convenience of public travel.*

In rejecting the contention that the water pipes on

the bridge constituted an added burden, Judge Griffith commented on the *Hofius case, supra,* in the opinion at page 213, as follows:

"It is apparent, even under the *Hofius case,* that an easement granted for highway purposes within a city would bear with it the right by the grantee to install water pipes without requiring additional compensation. There is no reason why that rule should not apply here, as the easement in this case, although granted originally to the state Department of Highways, is concerned with a highway within a city."

We are unable to conceive of any difference in the burden on the property, whether the bridge was built outside or within the city. Actually, in *Friedman* there is no theory of owership of a fee in trust upon which the municipality distinction can be based, since the easement was that granted the state and the city's rights were derived from that grant.

We are of the opinion that the better rule does not demand a different standard for determining the existence of an added burden on property, whether it involve a fee in trust conveyed to a municipality or an easement for highway purposes outside a municipality. If such a distinction were to remain a part of our law, where rural land is annexed to a municipal corporation, the municipal corporation would receive a fee in trust in property designated as streets, and the municipality would be obligated to pay abutting land owners for taking the added property interest comprising the total fee. Indeed, such a result can not be the law. If there were ever a sound reason for such a distinction, time has rendered it inapplicable.

The question in the instant case is whether the intended use of the land, subject to the easement of the state for a highway, is an added burden on plaintiff's property.

Obviously, highways are primarily for the use of the public, in traveling from place to place. Although modern-day travel on our highways is predominately by motor ve-

hicle, highways certainly are not limited to such use. The effect of the use of a highway upon abutting land has always been variable and subject to change. The complexities of modern life have produced uses of highways which would have been unheard of at the time many easements for public highways were granted.

We are unable to discern any substantial burden visited on plaintiff's property by the intended construction. A denial of the use of a highway for the purpose of transporting water to areas where it is needed, as in the instant case, would be the rejection of evolutionary change. See 5 Restatement of the Law, Property, Section 479. We therefore hold that the construction of water pipes in real property, for which an easement for highway purposes has been given, is not an added burden on such land, for which the owner must be compensated. *Hofius* v. *Carnegie-Illinois Steel Corp.*, 146 Ohio St. 574, is overruled.

We are aware that the defendant is a private corporation for profit. However, the project sought to be enjoined was undertaken pursuant to an agreement with the board of county commissioners and is, therefore, presumed to be for the public purpose.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J. ZIMMERMAN, MATTHIAS, SCHNEIDER and LEACH, JJ. concur.

O'NEILL, J., dissents.

LEACH, J., of the Tenth Appellate District, sitting for HERBERT, J.