ROMOHR ET AL *v.* FRANK ET AL.

(No. 82-CV-0421—Decided
August 3, 1984.)

Court of Common Pleas of
Clermont County.

*Tom Herman,* for plaintiffs.
*Richard H. Glazer,* for defendant
Armin Frank.
*James Marlow,* for defendant
Security Savings.

RINGLAND, J. A petition for appropriation was filed on April 22, 1982. Defendants, Armin Frank et al., filed their answer and jury demand on July 9, 1982. On June 5, 1984, plaintiffs, Dale F. Romohr et al., filed a motion *in limine* requesting a pretrial order limiting the testimony and evidence as to a taking as to damages to property *beyond* the property sought to be appropriated. On June 22, 1984, plaintiffs filed a motion to introduce new evidence consisting of ancient documents purporting to establish the width of the right of way of the turnpike as forty feet wide at the site to be appropriated for sewage pipe installation. Various memoranda have been submitted in support of and in opposition to these motions. The court permitted consideration of the new evidence which did not conclusively prove the grant of a highway easement.

Defendants assert that they are entitled to submit evidence at trial pertaining to damages for the "taking" of the property contiguous to the roadside ditch where plaintiffs installed the sanitary sewer line. Defendants argue that they are so entitled because the installation of sewerage lines for the transmission of effluent and wastewater constitutes an increased burden on their estate, because there is no evidence which demonstrates that the roadway easement is actually forty feet, and because the easement does not extend beyond the roadside ditch by prescription as the county easement has not been continuous for the prescriptive period of twenty-one years.

Plaintiffs assert on the other hand that ancient documents viewed in conjunction with more recent surveys of the roadside easement establish that the easement extends beyond the actual surface of the road approximately eleven feet within which area the county constructed the pipeline, that defendants are estopped to deny the easement's width, and that the pipeline is no added burden on the fee of defendants. Thus, plaintiffs argue that defendants are not entitled to any compensation for a permanent take but only for compensation for the temporary take which overlapped onto defendants' land beyond the easement. In any event, no recorded easement for highway purposes has ever been recorded but that the easement has been in existence in part (road plus ditch) for over twenty-one years.

The threshold issue, assuming *arguendo* that a highway easement does exist, is whether the construction or in-

stallation of a sanitary sewerage pipeline for the transmission of effluent, wastewater, or waste material within this public roadway or highway easement constitutes an added burden upon the servient estate in fee of the landowner for which a landowner is entitled to compensation for a permanent take. Based upon pertinent Ohio case law and upon the reasoning of the Supreme Courts of various sister states which have addressed the identical issue herein presented, the court finds that the installation of sewage pipelines is a permissible highway easement purpose, which does not add to the burden upon the servient estate.

Defendants cite the court to *Whitney* v. *Toledo* (1906), 19 Ohio C.D. 74, 8 Ohio C.C.(N.S.) 577, for the proposition that a sanitary sewer constitutes an additional compensable burden. Further, they cite *McCabe* v. *Hood* (1895), 5 Ohio C.D. 292, 13 Ohio C.C. 621, for the proposition that the right to drain sewage is a material enlargement of the right to drain water.

Plaintiffs cite the court to *Ziegler* v. *Ohio Water Serv. Co.* (1969), 18 Ohio St. 2d 101 [47 O.O.2d 244], for its holding that the construction and maintenance of a subsurface water pipeline in the area of an easement for highway purposes, which pipeline is for public purposes, does not constitute an added burden for which compensation must be awarded. The *Ziegler* court reasoned: "We are unable to discern any substantial burden visited on * * * [the landowner's] property by the intended construction. A denial of the use of a highway for the purpose of transporting water to areas where it is needed, as in the instant case, would be the rejection of evolutionary change." *Id.* at 106. Plaintiffs urge this court to extend the *Ziegler* holding to the installation of sewage pipelines which are for the public good.

A thorough review and scrutinization of the decisions of various other state Supreme Courts demonstrate that such an extension of *Ziegler* comports with modern views about highway easements.

In *Bentel* v. *Bannock* (1983), 104 Idaho 130, 656 P.2d 1383, the Supreme Court of Idaho determined that an easement in a county road includes the right to install subsurface pipelines for the transmission of effluent and waste material. Citing *Yale Univ.* v. *New Haven* (1926), 104 Conn. 610, 134 A. 268, 271, and 11 McQuillan, Municipal Corporations (3 Rev. Ed. 1977), Section 31.18, the *Bentel* court found that the installation of sewage pipelines in a roadway easement does not increase the burden on a servient estate as the scope of a public road easement is comprehensive enough to include "reasonably foreseeable public uses of such roadways, such as subsurface installations for sewage, runoff, communications and other services necessary to the increased quality of life which generally accompanies the growth of civilization." *Id.* at 133, 656 P.2d at 1386.

Additionally, in *Bolinger* v. *Bozeman* (1972), 158 Mont. 507, 493 P.2d 1062, the high court of Montana, citing *Minneapolis Gas Co.* v. *Zimmerman* (1958), 253 Minn. 164, 91 N.W. 2d 642, 649, found that a roadway easement in a highway includes the usage of sanitary sewer pipelines and that the use of right of ways by utilities is one of the proper and primary purposes for which highways are designed, even though the principal use is for travel and transportation.

The court believes that Ohio should adopt the rationale employed by the Idaho and Montana courts and that this holding is a natural and logical extension of the *Ziegler* decision. The court would note that but for the manholes accompanying the sewage pipelines, these pipes are no greater a *visual* impairment than water lines would be. As to defendants'

claim that the sewer lines might emit foul or noxious odors constituting an additional impairment of enjoyment, the court would note that a similar argument was advanced in *Solon* v. *Smiley* (1967), 12 Ohio Misc. 269 [41 O.O.2d 78], but was found by the court to be speculative and was given no consideration by the court.

The next issue to be addressed is whether plaintiffs may submit to the triers of fact evidence of the width of the prescriptive or actual highway easement. The evidence is undoubtedly relevant, for it tends to demonstrate the boundaries of the alleged easement, the purpose for which its introduction is sought. As a document over twenty years in age, it is authenticated under Evid R. 901, per example (B)(8), as it is in such condition as to arouse no suspicion concerning its authenticity, and was in a location where, if authentic, it would have likely been. Further, it is admissible hearsay under Evid. R. 803(16) as an authenticated ancient document to be considered as attendant to the motion *in limine*.

The ultimate issues presented by the motion *in limine,* that the highway easement by prescription or grant extends beyond the roadside ditch and that the sewage line is within its bounds, are issues to be resolved by the trier of fact and cannot be resolved as a matter of law or as if on motion for summary judgment,[1] the issues being capable of different resolution by reasonable minds. As a matter of law, however, the sewer line is a proper usage of a highway easement, as mentioned above, and the triers of fact shall so be instructed, if they find that the state has a highway easement by grant or prescription. Thus defendants may introduce evidence of damages by permanent "take" of roadside property for the sewer line since the width and existence of an easement is in question. The plaintiffs may introduce evidence on the issue of the width of the easement for highway purposes, showing the sewer line to be within the bounds of the easement.

*Judgment accordingly.*

---

[1] No motion for summary judgment has been filed on this issue and the court limits its decision to one *in limine* only.