SHAFFER ET AL., APPELLEES, *v.* VIDEO DISPLAY CORPORATION, F.K.A. CABLE MANAGEMENT GROUP, INC., APPELLANT.

50

(No. 17-86-14 — Decided
May 6, 1988.)

*Roger Shaffer,* for appellees.
*W. Lynn Swinger,* for appellant.

Evans, J.   This is an appeal by appellant, Video Display Corporation (formerly known as "Cable Management Group, Inc."), from a judgment by the Court of Common Pleas of Shelby County.

Appellant applied for and received a permit from the Board of County Commissioners of Shelby County to install underground cable along a highway right-of-way. A portion of that right-of-way crossed over property owned by appellees, Roger Shaffer and Deloros Shaffer. In September 1983, appellant installed its television cable along the right-of-way, thirty inches below the land's surface.

On April 11, 1984, appellees filed a civil complaint against appellant alleging that the installation of the cable constituted a trespass. Appellees prayed for compensatory damages, punitive damages, and removal of the cable. On June 26, 1984, a pretrial conference was held and the parties agreed to submit the matter to the court upon stipulations and briefs. The following stipulations were filed:

"1.   Cable Management Group, Inc. (CMG) is a Georgia corporation, duly authorized to do business in Ohio.

"2.   CMG is a 'cable television company' which operates a 'cable television system' as defined in R.C. 505.90.

"3.   A 'cable television system' is a 'communication business' which falls within the purview of certain utilities enumerated in R.C. 4931.11 (OAG No. 79-095).

"4.   An application was made and a permit issued by the Shelby County Engineer to CMG, to install a buried cable across the County's highway right-of-way, which right-of-way lies within the boundaries of real estate owned by the Plaintiffs.

"5.   By long standing custom and practice in Shelby County, Ohio, the Shelby County Engineer issues permits as agent for the Shelby County Commissioners in accordance with R.C. 5547.05. His authority to act as agent for this purpose is stipulated.

"6.   If the Shelby County Engineer was called as a witness he would testify that the attached permit was issued by him in accordance with R.C. 5547.05. Plaintiffs dispute the validity of the permit because the road is by right-of-way and not a grant of the fee simple title.

"7.   In September of 1983 CMG installed approximately 4020 lineal feet of cable in the highway easement of Shelby County on Plaintiff's [*sic*] real estate over Plaintiffs' verbal objection.

"8.   The installed cable is ¾ of an inch in diameter, buried about 30 inches deep in the ground and is a part of CMG's cable television system.

"9.   If called as witnesses, officers and agents of CMG would testify that said cable was installed in accordance with the attached application and permit under the authority of R.C. 5547.05."

On November 28, 1984, the trial court found in favor of appellees after determining that appellant did unlawfully enter appellees' property to in-

stall the underground cable. A jury trial was set to determine damages.

On November 15, 1985, the court ordered appellees to elect between money damages and ejectment. Appellees notified the court that they wished to proceed in ejectment. On May 2, 1986, the court ordered appellant to remove the cable from appellees' premises and restore the property to its condition immediately prior to appellant's entry. It is from this decision appellant appeals.

Appellant has asserted three assignments of error. The first is as follows:

"The trial court erred in finding that the county commissioners' grant of the use of the road easement was not in conformity with R.C. 5547.05 when the uncontroverted evidence established it was."

R.C. 5547.05 states in pertinent part:

"With respect to any portion of any highway in any county, or bridges or culverts thereon, which is not owned in fee simple by the county, the board of county commissioners of such county may grant the right to use any portion thereof in perpetuity or for such period of time as it shall specify, including areas or space on, above, or beneath the surface, together with rights for the support of buildings or structures constructed or to be constructed thereon or therein, provided that it shall determine and enter its determination on its journal, that the property made subject to a permit to use is not needed by the county for highway purposes."

The trial court held that the stipulations of fact failed to prove that the board of county commissioners determined that the property made subject to the permit was not needed by the county for highway purposes as required by the statute. See Paragraph 6 of the stipulations of fact.

The parties also stipulated that the county engineer was the agent for the county commissioners and had the authority to issue the permit. See stipulations of fact, Paragraph 5.

We believe the trial court erred by not finding that the foregoing stipulations were sufficient to prove the permit was issued in accordance with the statute. Appellant's first assignment of error is well-taken.

Appellant's second assignment of error is as follows:

"The trial court erred in finding that the county commissioners' grant of the use of the road easement was not in conformity with R.C. 5547.05 when the matter was not an issue between the parties."

Appellant has argued that whether or not the commissioners granted appellant the permit pursuant to R.C. 5547.05 was not a question before the court, and the court erred by ruling on the issue.

Appellees' complaint against appellant only alleged that appellant had installed underground cable across their property without their permission, and that the installation constituted a trespass. There was no allegation that appellant had been issued its installation permit in violation of R.C. 5547.05.

Nevertheless, the trial court stated in its opinion that the county commissioners did not issue the permit in accordance with the statute, using the following language:

"The issue is whether an easement for highway purposes acquired by the County authorizes the County Commissioners to grant the right to install an underground television coaxial cable pursuant to Section 5547.05. It is the opinion of this Court that this issue must be answered in the negative.

"Section 5547.05 does allow the County to grant use of property beneath the surface which is not owned

in fee simple by the County. A determination must be made by the County Commissioners that the property made subject to a permit to use is not needed by the County for highway purposes. This does not appear in the Stipulations of Fact, and it is the opinion of the Court that this is a condition precedent to the grant of authority under Section 5547.05."

First, we do not agree with the trial court's opinion that the stipulations of fact did not prove that the permit was issued to appellant in accordance with R.C. 5547.05. Second, since this particular fact had already been stipulated and thus was not disputed by the parties, we find the court erred by placing the issue into the case. Appellant's second assignment of error is sustained.

Appellant's third assignment of error is as follows:

"The trial court erred in finding that a county road easement does not encompass the right to bury a television coaxial cable."

The question of whether a utility can make use of a highway easement was addressed in *Ziegler* v. *Ohio Water Service Co.* (1969), 18 Ohio St. 2d 101, 47 O.O. 2d 244, 247 N.E. 2d 728. In that case, a water company wanted to lay underground water lines along a highway right-of-way that had been granted to Paris Township. The court found that the question it had to answer was "* * * whether the intended use of the land, subject to the easement of the state for a highway, is an added burden on plaintiff's property." *Id.* at 105, 47 O.O. 2d at 247, 247 N.E. 2d at 731. The court was not disturbed by the fact that the applied-for use (to lay water lines) was dissimilar to the use for which the right-of-way had been originally granted:

"Obviously, highways are primarily for the use of the public, in traveling from place to place. Although modern day travel on our highways is predominately by motor vehicle, highways certainly are not limited to such use. The effect of the use of a highway upon abutting land has always been variable and subject to change. The complexities of modern life have produced uses of highways which would have been unheard of at the time many easements for public highways were granted." *Id.* at 105-106, 47 O.O. 2d at 247, 247 N.E. 2d at 731.

The court held that the installation of the water lines was not a substantial burden on the plaintiff's land, and did not result in a trespass.

We do not believe the installation of a television cable three-fourths of an inch in diameter, buried thirty inches below the land's surface, is an additional or substantial burden on appellees' property. In fact, the installation and presence of this cable must be considerably less of a burden on appellees' land than the waterlines were on the plaintiff's land in *Ziegler, supra*. See, also, *Jolliff* v. *Hardin Cable Television Co.* (1971), 26 Ohio St. 2d 103, 55 O.O. 2d 203, 269 N.E. 2d 588. Thus, we find that appellant did have the right to bury its cable along the highway right-of-way that crossed appellees' land. Appellant's third assignment of error is well-taken.

*Judgment reversed.*

COLE and MILLER, JJ., concur.