OPINION
{¶ 1} Appellants Janice J. and Hoye D. Sandy appeal the decision of the Noble County Court of Common Pleas granting summary judgment to Appellee Andy Rataiczak on a trespass claim. Appellee received permission from the Noble County Commissioners to lay a natural gas pipeline along the existing public right of way on Whiskey Run Road, aka County Road 31, in Noble County. The right of way and Appellee's pipeline cross a part of Appellants' property abutting the road. Appellants filed an action on January 16, 2007, alleging, inter alia, that Appellee's pipeline was trespassing on their property. Appellee filed for summary judgment, establishing that he operates a natural gas pipeline network in Noble County, that he is registered with the State of Ohio to collect natural gas, that his pipeline serves a number of residences, and that he had written approval from the Noble County Commissioners to install the pipeline on the existing road right of way. Appellants filed a response without providing any relevant evidence to support their arguments. The trial court granted summary judgment to Appellee.
 {¶ 2} Although we were presented with a somewhat similar situation inThe Whitacre-Greer Fireproofing Co. v. M.B. Operating Co., Inc. (Feb. 23, 1983), 7th Dist No. 459, the instant case is distinguishable. InWhitacre-Greer, the public roadway was being used for private purposes. The instant case involves a public use of the roadway easement for a gas line being shared by multiple residences along the road. Given that Appellee had permission from the county commissioners to install the publicly used gas pipeline in a public highway right of way, the trial court correctly granted summary judgment to Appellee. *Page 2 
 PROCEDURAL HISTORY {¶ 3} Appellants refiled their lawsuit on January 16, 2007. The record does not indicate when the first lawsuit was filed or voluntarily dismissed. Appellee filed a motion for summary judgment on December 7, 2007. Appellee attached his own affidavit, along with that of an expert witness, an oil and gas consultant named Lee A. Robinson. Appellants filed a response on December 26, 2007. Appellants attached an affidavit of Janice J. Sandy, as well as an uncertified and unsworn excerpt of a deposition of Appellee Andy Rataiczak.
 {¶ 4} The trial court ruled on the summary judgment motion on January 4, 2008. The court indicated that the only pieces of evidence timely filed in the action were the affidavits of Lee A. Robinson, Andy Rataiczak, and Janice J. Sandy. The court found by uncontroverted evidence that Appellee had permission from the county commissioners to install the pipeline, that it was installed on the county road right of way, and that the pipeline was used to provide natural gas service to a number of households in the area. The court found that Appellee was a de facto natural gas utility and that the pipeline did not constitute an added burden on Appellants' property. The court granted summary judgment to Appellee. This appeal followed on February 1, 2008. Appellants' two assignments of error are related and will be treated together. *Page 3 
 ASSIGNMENTS OF ERROR {¶ 5} "THE COURT ERRED IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT REMAINS TO BE LITIGATED AS TO DEFENDANT-APPELLEE'S STATUS AS A PUBLIC UTILITY AND THE UNLAWFUL AND UNAUTHORIZED GRANT OF PERMISSION BY THE NOBLE COUNTY BOARD OF COMMISSIONERS TO CROSS PLAINTIFF'S [sic] LAND."
 {¶ 6} "THE COURT ERRED IN MAKING A DETERMINATION THAT DEFENDANT-APPELLEE IS A DE FACTO PUBLIC UTILITY CONTRARY TO LAW."
 {¶ 7} This appeal is a challenge to a ruling in summary judgment. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2001), 90 Ohio St.3d 388,390, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. InterimPersonnel, Inc. (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in his or her favor. Brewer v. *Page 4 Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portionsof the record which demonstrate the absence of a genuine issue of facton a material element of the nonmoving party's claim." (Emphasis in original.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 296,662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293,662 N.E.2d 264.
 {¶ 9} The record does not support Appellants' argument that there are material facts in dispute about one or more of the claims in the complaint. Appellants' complaint refers to one defendant, Andy Rataiczak, and contains allegations of conversion, unjust enrichment, trespass, and quiet enjoyment. The conversion claim is not justiciable because conversion only applies to personal property. Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 93,24 OBR 160, 493 N.E.2d 289. Appellants' claim of a "quiet enjoyment" action is not a recognizable tort action. If Appellants meant to bring a nuisance action, they were required to allege much more than merely that Appellee was interfering with the quiet enjoyment of their property.
 {¶ 10} As far as the trespass and related unjust enrichment claim, the record indicates that Appellee had permission from the Noble County Commissioners to lay his gas pipeline within the public roadway easement. The Ohio Supreme Court defines trespass as follows: "`A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully *Page 5 
enters the private premises of another whereby damages directly ensue * * *.'" Apel v. Katz (1998), 83 Ohio St.3d 11, 19, 697 N.E.2d 600, quoting Linley v. DeMoss (1992), 83 Ohio App.3d 594, 598,615 N.E.2d 631. If Appellee had permission to use an existing easement, then there was no trespass. Appellants are not making any claims against Noble County or the State of Ohio, and they have not brought a claim alleging that the county itself is imposing an added burden on the roadway easement that requires additional compensation to Appellants. Appellants failed to produce any evidence to rebut Appellee's evidence that the pipeline supplied a variety of residences in the area. Appellee's evidence demonstrated that the gas pipeline was serving a public use of the county's road easement. Appellants attempted to refer to an unsworn and uncertified deposition, but this deposition was correctly rejected by the trial court. Based on the evidence that was properly before the trial court, Appellee was using a public roadway easement for a public use with permission of the county, and therefore, no trespass occurred.
 {¶ 11} Appellants did not submit rebuttal evidence in the manner prescribed by Civ. R. 56(E), which requires each party to submit "[s]worn or certified copies" of supporting evidentiary documents. As it stands, Appellants rely only on bare assertions to support their argument. The party opposing summary judgment cannot rely on mere allegations, bare assertions, or unfounded denials. Civ. R. 56(E).
 {¶ 12} Appellants' remaining arguments attempt to undermine the fact that Appellee had permission from the county commissioners to install the pipeline. Generally, an abutting landowner owns title to the land underlying a county road, *Page 6 
while the public is entitled to use the road for highway purposes.Ohio Bell Tel. Co. v. Watson Co. (1925), 112 Ohio St. 385, 389,147 N.E. 907. A board of county commissioners, which controls the easements and right of ways to county roads, may assign its rights in those easements to others, pursuant to R.C. 5547.05:
 {¶ 13} "The board of county commissioners of any county may convey the fee simple estate or any lesser estate or interest in, or permit the use of, for such period as it shall determine, any lands owned by such county and acquired or used for highways, bridges, or culverts, or owned by such county in connection with highways or as incidental to the acquisition of land for highways * * *."
 {¶ 14} There is no dispute that the road easement at issue in this case was lawfully obtained from private landowners to create a public roadway. There is no dispute that private property cannot be taken by the state to be put to a private use, in conformity with theFifth Amendment to the United States Constitution, and Section 1, Article I, of the Ohio Constitution. If a county permits another entity's use of its rights of way, the use must constitute a public use. There is a presumption that, when a county grants permission to use its road easements under R.C. 5547.05, it is done with a public purpose. "[T]he project sought to be enjoined was undertaken pursuant to an agreement with the board of county commissioners and is, therefore, presumed to be for the public purpose." Ziegler v. Ohio Water Service Co. (1969), 18 Ohio St.2d 101, 106, 247 N.E.2d 728; see also, Eastland Woods v. City ofTallmadge (1983), 2 Ohio St.3d 185, 188, 443 N.E.2d 972. *Page 7 
 {¶ 15} The Ziegler case involved a water company that intended to put a water pipeline in a road right of way in Union County. One of the abutting landowners protested that she had not been compensated by the water company for the added burden of the pipeline on her property. TheZiegler Court agreed that, if the pipeline was judged to be an added burden, the landowner should be compensated. Id. at 102. The Court examined whether the water pipeline was consistent with the public purpose for which the road easement was originally acquired:
 {¶ 16} "Obviously, highways are primarily for the use of the public, in traveling from place to place. Although modern-day travel on our highways is predominately by motor vehicle, highways certainly are not limited to such use. The effect of the use of a highway upon abutting land has always been variable and subject to change. The complexities of modern life have produced uses of highways which would have been unheard of at the time many easements for public highways were granted.
 {¶ 17} "We are unable to discern any substantial burden visited on plaintiff's property by the intended construction. A denial of the use of a highway for the purpose of transporting water to areas where it is needed, as in the instant case, would be the rejection of evolutionary change. See 5 Restatement of the Law, Property, Section 479. We therefore hold that the construction of water pipes in real property, for which an easement for highway purposes has been given, is not an added burden on such land, for which the owner must be compensated.Hofius v. Carnegie-Illinois Steel Corp., 146 Ohio St. 574,67 N.E.2d 429, is overruled. *Page 8 
 {¶ 18} "We are aware that the defendant is a private corporation for profit. However, the project sought to be enjoined was undertaken pursuant to an agreement with the board of county commissioners and is, therefore, presumed to be for the public purpose." Id., at 105-106,247 N.E.2d 728.
 {¶ 19} A particularly instructive part of the analysis inZiegler states: "since individuals could use the highway to transport water for their own use, a board of county commissioners could furnish water to the public collectively by installing water mains, all of which would be included within the scope of an existing easement of use for highway purposes." Id. at 103.
 {¶ 20} The Ohio Supreme Court has also held that the stringing of cable television wires along the telephone poles in the electrical utility easement does not constitute any additional burden on the fee landholder's property. Centel Cable Television Co. of Ohio, Inc. v.Cook (1991), 58 Ohio St.3d 8, 11, 567 N.E.2d 1010.
 {¶ 21} This Court itself applied Ziegler and found no added burden to the abutting landowner's property when a water line was placed in the 50-foot road easement along Struthers Road, in Mahoning County.Kallas v. Ohio Water Serv. Co. (1999), 132 Ohio App.3d 421, 423,725 N.E.2d 324.
 {¶ 22} The Third District Court of Appeals held that there was no trespass when an underground cable television line was installed in a roadway right of way in Shelby County. Shaffer v. Video DisplayCorp. (1988), 43 Ohio App.3d 49, 539 N.E.2d 170. *Page 9 
 {¶ 23} The Twelfth District Court of Appeals held that the installation of a sewer line did not constitute an added burden on property of the abutting landowner, relying on Ziegler. Speidel v.Warren County Commrs. (Jan 31, 1986), 12th Dist. No. CA85-10-078.
 {¶ 24} Although Appellants acknowledge the holding ofZiegler, they contend that a case from this Court, The Whitacre-GreerFireproofing Co. v. M.B. Operating Co., Inc. (Feb. 23, 1983), 7th Dist No. 459, is dispositive. In Whitacre-Greer, a private company installed a gas pipeline along a township and county road in Carroll County without obtaining either permission or an easement from the abutting landowners. The defendant did obtain permission from the county commissioners to install the pipeline. The parties stipulated that the defendant "does not hold itself out to supply natural gas to the public." Id. at *1. We examined whether the pipeline added any additional burden to the abutting landowner's property under the holding of Ziegler. We concluded that Ziegler did not apply, "since the water line in that case was characterized as being for a public use." Id. at *2. The entire analysis in Whitacre-Greer is premised on the fact that the pipeline was being used for a private purpose.Whitacre-Greer is completely inapposite to the situation in the instant case because Appellee's pipeline is being used for a public purpose.
 {¶ 25} Appellants are under the impression that the only method for Appellee to be able to legally install his gas pipeline in the roadway easement was if he qualified as a public utility under the definitions found in Ohio Revised Code Chapter 4905, which deals with the Ohio Public Utilities Commission. It is unclear how *Page 10 
Appellants came to this conclusion. The actual issue in this case is whether Appellee's gas pipeline serves a public purpose consistent with the use of a road right of way. We are aware that "the concept of public use has been malleable and elusive." Norwood v. Horney,110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 44. Nevertheless, given prior caselaw in this area, a gas pipeline that serves multiple properties along a county road qualifies as a public use, particularly given the lack of rebuttal evidence from Appellants.
 {¶ 26} Even if it were somehow relevant whether or not Appellee qualifies as a public utility, the only evidence in the record indicates that Appellee is a de facto natural gas public utility. Appellants provided no evidence on this issue.
 {¶ 27} It should be noted that the water pipeline under review inZiegler — which was deemed to be an appropriate public use of the road right of way — served only two buildings: a school building, and the plaintiffs residence. In the instant case, there is undisputed evidence that Appellee's pipeline serves a number of residences on County Road 31. Appellants did not file any evidence to rebut Appellee's proof that his pipeline supplied gas to a number of properties. Appellant Janice J. Sandy, in her affidavit, does not dispute that Appellee's pipeline serves a number of residences.
 {¶ 28} Appellants try to rely on a deposition allegedly taken of Mr. Rataiczak, but the deposition was not properly filed with the trial court, is not sworn or certified, and is not part of the official record. "Summary judgment shall be rendered forthwith if the pleadings,depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any,timely filed in *Page 11 the action, show that there is no genuine issue as to any materialfact[.]" (Emphasis added.) Civ. R. 56(C); Civ. R. 30(F)(1); Dombelek v.Ohio Bur. of Workers' Comp., 154 Ohio App.3d 338, 2003-Ohio-5151,797 N.E.2d 144, ¶ 21; Page v. Taylor Lumber, Inc., 161 Ohio App.3d 644,2005-Ohio-1017, 831 N.E.2d 1017, ¶ 20. The trial court made it clear that the only evidence considered properly filed were the affidavits of the parties and the affidavit of expert witness Lee A. Robinson. We must agree with the trial court's conclusion.
 {¶ 29} Based on the evidence in the record, and the holding ofZiegler, Appellee's use of the road right of way does not constitute any added burden on Appellants' property, and thus, cannot constitute a trespass or entitle Appellants to damages for unjust enrichment. Appellants' assignments of error are overruled and the judgment of the trial court affirmed.
 Donofrio, J., concurs. Vukovich, J., concurs. *Page 1