**ST. ALBANS TOWNSHIP BOARD OF TRUSTEES et al., Appellants,**

**v.**

**COLUMBIA GAS TRANSMISSION CORPORATION, Appellee.**

[Cite as *St. Albans Twp. Bd. of Trustees v. Columbia Gas Transm. Corp.* (1997), 116 Ohio App.3d 349.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 97–CA–26.

Decided Aug. 22, 1997.

*Deborah L. Kenney* and *David Q. Wigginton*, Licking County Assistant Prosecuting Attorneys, for appellants St. Albans Township Board of Trustees and Licking County Board of Trustees, respectively.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby*; and *Harry C. Bruner, Jr.*, for appellee.

READER, Presiding Judge.

Appellants Licking County Board of Commissioners and St. Albans Township Board of Trustees filed the instant action seeking to require appellee Columbia Gas Transmission Corporation to move or relocate its gas transmission line that traverses Hardscrabble Road. Hardscrabble Road is a dedicated public road that came into existence in 1832. In 1954, appellee obtained an easement from the two adjoining landowners to place a gas line over their property and under the road. The easements permitted appellee to lay the gas line under the roadway easement. The township now wants to lower the grade of the road, which would necessitate moving the gas line.

Appellants argued that various statutes required appellee to obtain permission from the township and the county before installing the pipeline under the roadway. Appellee argued that because the township was changing the grade of the road, it was interfering with the lawful placement of its transmission line and is, therefore, interfering with appellee's valid easement. Both parties moved for summary judgment. The Licking County Common Pleas Court entered summary judgment in favor of appellee. Appellants assign two errors:

### Assignments of Error:

"I. The trial court erred failing to grant plaintiffs/appellants' motion for summary judgment.

"II. The trial court erred in granting summary judgment in favor of defendant/appellee."

We address both assignments together, as both raise a single issue of whether appellee held a valid easement to the subsurface rights under the highway. The trial court correctly found that although the county had a valid and existing easement for roadway purposes *over* the two lands owned by the two landowners, appellee had a valid and existing easement *under* the two lands owned by the two landowners. Therefore, the pipeline was not located within appellants' easement, and appellee was not required to get permission from appellants before laying the pipeline.

For the reasons stated in the well written opinion of the trial court, attached and incorporated as if fully rewritten herein, the assignments of error are overruled.

The judgment of the Licking County Common Pleas Court is affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and JOHN W. WISE, JJ., concur.

APPENDIX

Case No. 96–CV–158

Licking County Court of Common Pleas

Decided Feb. 19, 1997

GREGORY L. FROST, Judge.

This matter came on for consideration upon the motion for summary judgment filed herein by the defendant on January 9, 1997, upon the motion for summary judgment filed herein by the plaintiffs on January 10, 1997, upon memorandum contra filed by the defendant on January 30, 1997, upon the memorandum contra filed by the plaintiffs on January 31, 1997, and upon the reply memorandum filed by the defendant on February 6, 1997.

The complaint in this matter was filed by the Licking County Board of Commissioners and the St. Albans Township Board of Trustees to require the defendant to move or relocate its gas transmission line that traverses Hardscrabble Road in St. Albans Township, Licking County, Ohio. The defendant argues that it is not required to move the transmission line at its own expense. Columbia Gas Transmission Corporation claims that St. Albans Township must pay for the relocation, since it is changing the grade of the road and therefore is interfering with the lawful placement of its transmission line.

The court finds the motion for summary judgment of the defendant, Columbia Gas Transmission Corporation, to be well taken, and the court hereby grants the same. Conversely, the court finds the motion for summary judgment filed by the plaintiffs not to be well taken, and the court hereby denies the same.

■ The issues herein involve basic real estate law and are not confusing. From the arguments made, it is apparent that Licking County and St. Albans Township believe that a roadway easement gives them subsurface property rights also. Nothing is further from the truth or more contrary to law.

The roadway in question is a dedicated public road that came into existence in 1832. In 1954, the defendant obtained an easement from the two adjoining landowners to the roadway to place a gas line over their property and under the road. The Monroe property was situated on one side of the road, and the Keller property was situated on the other side of the road. The easements allowed the defendant to lay the gas line under the roadway easement. The gas line has laid under the roadway pursuant to those easements for over forty years. St. Albans Township's desire to lower the grade of the road necessitates moving the gas line.

Although Licking County has a valid and existing easement for roadway purposes *over* the two lands owned by two landowners, the defendant has a valid

and existing easement *under* the two lands owned by the two landowners. Of course, each easement holder has duties to maintain the road and the gas line. Should repairs be required of the gas line that would necessitate removing a portion of the road, the defendant would be responsible for the value of restoring the roadway to its original condition. The plaintiffs have the same duty.

It is well settled that the plaintiffs have an easement for the operation of the roadway; no subsurface rights as are claimed here attach. See *Ohio Bell Tel. Co. v. Watson* (1925), 112 Ohio St. 385, 147 N.E. 907; *Callen v. Columbus Edison Elec. Light Co.* (1902), 66 Ohio St. 166, 64 N.E. 141. And a landowner owns to the middle of the road, which permits the landowner to use the land thereunder in any manner not inconsistent with the public easement for the roadway. See *Fed. Gas & Fuel Co. v. Townsend* (Franklin C.P.1903), 1 Ohio N.P. (N.S.) 289, 14 Ohio Dec. 5; *Burns v. Columbus Citizens Tel. Co.* (Franklin C.P.1905), 3 Ohio N.P. (N.S.) 257, 17 Ohio Dec. 731. In this case, the landowners exercised their rights and granted an easement to the defendant. The defendant now stands in the shoes of the owners and has certain rights to the subsurface also. These rights cannot be disturbed by the surface easement owner. If rights are taken from the subsurface easement owner, compensation is due.

If the plaintiffs had simply wanted to maintain their easement and the defendant's easement prevented them from doing so, then a different question would have been presented and possibly a different answer would be needed. But the proposed relocation of the roadway goes far beyond maintenance. The plaintiffs now want to extend their use of their easement in violation of private property rights. Although they may do so, they must compensate the private property owners for this taking. The defendant has provided the court with the most recent authority on just such a taking. See *State ex rel. OTR v. Columbus* (1996), 76 Ohio St.3d 203, 667 N.E.2d 8. The plaintiffs have failed to respond to this authority.

The plaintiffs maintain that R.C. 1723.01 required the defendant to obtain permission from the township to place a gas line under the roadway, and the records do not reflect any permission. First, R.C. 1723.01 does not require such permission. But, assuming it does, permission was obtained from the Licking County Engineer, and it can hardly be argued forty-four years later that the permission was never given. More important, forty-four years ago the defendant obtained all the necessary permissions it needed from the persons who owned the land. Since the pipeline is not within the plaintiffs' easement, the permission issue is without merit.

The next argument is that R.C. 4933.01 applies and consent is needed from the township trustees. Again, the point of law is missed. The defendant is not

supplying gas by utilizing township property. The defendant is supplying gas by utilizing private property, and consent from the private property owners is the only consent needed.

The plaintiffs then argue that consent is needed from the county commissioners and the engineer for anyone "using or occupying any part of a highway," installing pipes "within the bounds of any highway," or "occupying any part of a highway." See R.C. 5547.03 and 5547.04. The fallacy with these arguments is that the defendant is doing none of the above. Their pipeline is neither occupying the highway nor is it within the bounds of the highway. The pipeline is occupying and within the bounds of private property. It is ridiculous for the county engineer to sign an affidavit that purports to provide that the pipeline constitutes an obstruction to the roadway when it was the county engineer's office that gave the initial permission to locate the pipeline.

Regardless, the arguments of the plaintiffs are totally without merit and completely miss the legal point at issue.

The motion for summary judgment filed herein by the defendant is granted. The complaint is hereby dismissed.

The court costs are assessed to the plaintiffs.

*Judgment accordingly.*