**AT&T CORP., Plaintiff,**

v.

**CITY OF TOLEDO, Defendant.**

No. 3:03 CV 7529.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 3, 2005.

Edward P. Simms, Ronald H. Isroff, Ulmer & Berne, Cleveland, OH, for Plaintiff.

Samuel J. Nugent, City of Toledo Department of Law, Toledo, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint (Doc. No. 8), to which Plaintiff has filed a response (Doc. No. 14), Defendant, a reply

(Doc. No. 17), and Plaintiff, a surreply (Doc. No. 19). Defendant has filed a motion to strike portions of Plaintiff's surreply (Doc. No. 20), to which Plaintiff has filed a response (Doc. No. 21), and Defendant, a reply (Doc. No. 22). For the reasons stated below, Defendant's motion to dismiss is granted. Defendant's motion to strike is denied as moot.

## BACKGROUND

In 2001, as the result of a settlement in a class action lawsuit, *In re AT & T Fiber Optic Cable Installation Litigation,* Defendant City of Toledo ("Toledo") granted Plaintiff AT & T Corp. ("AT & T") a permanent easement (the "easement") to maintain a telecommunications cable within a sixteen-and-a-half-foot-wide strip of city-owned property referred to by the parties as AT & T's "Communications Corridor." The parties agreed that:

> Grantor hereby covenants that with the exception of fences in which Grantee has a right to install gates, no excavation, building, structure, or obstruction will be constructed, erected, built, or permitted on said permanent easement, and no change will be made by grading or otherwise to the surface or subsurface of Grantee's Communications Corridor, and that no change will be made by grading or otherwise to the surface or subsurface of the land immediately adjacent to Grantee's Communications Corridor in such a manner that will interfere with Grantee's rights herein granted.

(Doc. No. 1, Ex. 1., pp. 2–3).

In 2003, Toledo notified AT & T of its intent to engage in excavation, construction, erection and/or building activities on Plaintiff's easement to effect the relocation of Miami Street, the creation of International Park Drive and the placement of waterlines and drainage across the area of land included in the easement. AT & T maintains that it was forced to relocate its telecommunications cable to a lower depth within the Communications Corridor and thereby incurred significant expense.

AT & T has filed a three (3) count suit asserting breach of easement, a taking under both the United States and Ohio Constitutions, and entitlement to relocation assistance and/or compensation from Toledo under applicable statutes and/or ordinances. Defendant moves the Court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### A. RULE 12(B)(6) STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80, 84 (1957); *Westlake, supra,* at 858. *See generally* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12.34[1] (3d ed.2002).

### B. DEFENDANT'S MOTION TO DISMISS

Defendant persuasively argues that each individual cause of action in Plaintiff's complaint should be dismissed for failure to

state a claim upon which relief can be granted.

■ AT & T's breach of easement claim fails because the easement granted to AT & T by Toledo is implicitly subject to Toledo's continuing duty and right under the police power to engage in the types of construction activities at issue for the preservation of the public health and safety, requiring Plaintiff to relocate its telecommunications cable at its own expense. · *See New Orleans Gas· Light Co. v. Drainage Comm'n of New Orleans,* 197 U.S. 453, 460–62, 25 S.Ct. 471, 473–74, 49 L.Ed. 831, 834–35 (1905); *Ganz v. Ohio Postal Tel. Cable Co.,* 140 F. 692, 694–96 (6th Cir. 1905); *Columbus Gas Light & Coke Co. v. City of Columbus,* 50 Ohio St. 65, 33 N.E. 292, 293–94 (Ohio 1893).

In *New Orleans,* the city contracted with a gas company, granting it a franchise to lay gas pipes under the city streets. *New Orleans,* 197 U.S. at 458, 25 S.Ct.· at 472, 49 L.Ed. at 834. The United States Supreme Court held that the city could force the gas company to move its pipes to accommodate a drainage project, . finding that "[t]he police power, in so far as its exercise is essential to the health of the community, it has been held cannot be contracted away." *New Orleans,* 197 U.S. at 460, 25 S.Ct. at 473, 49 L.Ed. at 835.

In *Ganz,* the Sixth Circuit held that despite the fact that the county had granted a utility, for consideration, the right to maintain telegraph poles in a certain strip of county-owned land running between a paved road and a parallel dirt road, the county could require the utility to move the poles outside that strip of land to accommodate the widening of the paved road, because the county commissioners had no right·to grant an indefinite right to maintain the poles in a certain location. *Ganz,* 140 F. at 695. The court stated, "[n]o board has power to determine for all

time just how a highway shall be used. The use may be changed as the new conditions demand." *Id.*

In *Gaslight & Coke,* the city had granted the gas company an easement to lay ·gas pipes in the city streets. *Gaslight & Coke,* 33 N.E. at 292–93. The gas company laid pipes, and the city subsequently required the pipes to be moved, so the street could be re-graded. *Id.* The gas company sued, demanding damages. The Ohio Supreme Court held that the city had a right and duty to make the streets accessible, ·convenient, and in good repair,· and·that:

> [T]he council has not the ability to cede away, nor bargain away, the right of the city to perform its public duties, especially as. to a primary use of its streets, nor. to abridge the capacity of its successors to discharge those duties unless some express provision of statute is found to that. effect, ..and that is not claimed.
>
> .    .    .    .   · · .
>
> The grant from the city must be interpreted in light of the right and' duty of the city to· re-grade, whenever in its judgment, the public interest demands.... All ·such agencies [like the gas company] must be held to take their grants from the city upon the condition, implied where not expressed, that the city reserves the full and unconditional power to make any reasonable change of grade, or other improvement, in its streets.

*Id.* at 293–94.

AT & T attempts to distinguish this case from those cited by claiming that the easement at issue here contains a covenant not to re-grade that gives AT & T the right to maintain its telecommunications cable at a precise depth. However, the relevant contract provision, which states that "no change will be made by

grading or otherwise to the surface or subsurface of [the] Communications Corridor" (Doc. No. 1, Ex. 1, p. 2), does not necessarily grant AT & T the right to maintain its cable at any particular depth within the Communications Corridor. Moreover, any such attempted grant would be ineffectual. *Gaslight & Coke,* 33 N.E. at 294 ("An ordinance to grant an exclusive right, or a perpetual right to occupy a particular part of the street, would be an attempt to bind succeeding councils as to their exercise of legislative power, and would, for the reasons stated, be ineffectual.").[1]

■ Similarly, as Defendant maintains, Plaintiff's takings claims also fail to state claims upon which relief can be granted. In *New Orleans,* the Court rejected the gas company's claim that it was entitled to compensation for the taking of its contractual property right, stating:

> The gas company, by its grant from the city, acquired no exclusive right to the location of its pipes in the streets, as chosen by it, under a general grant of authority to use the streets. The city made no contract that the gas company should not be disturbed in the location chosen. In the exercise of the police power of the State, for a purpose highly necessary in the promotion of the public health, it has become necessary to change the location of the pipes of the gas company so as to accommodate them to the new public work. *In complying with this requirement at its own expense none of the property of the gas company has been taken, and the injury sustained is damnum absque injuria.* (emphasis added).

*New Orleans,* 197 U.S. at 462, 25 S.Ct. at 474, 49 L.Ed. at 835 (citing *Chicago, Burlington & Quincy R.R. Co. v. Chicago,* 166 U.S. 226, 254, 17 S.Ct. 581, 591, 41 L.Ed. 979, 991 (1897); *Gaslight & Coke Co.,* 33 N.E. at 293–94). Similarly, in *Tennessee v. United States,* 256 F.2d 244, 257 (6th Cir.1958), the court held, where a utility claimed a permanent easement to locate its telephone poles along a roadway and alleged a taking thereof, that:

> [T]he state could not bargain or give away its police power to establish regulations reasonably necessary for the safety and welfare of its people . . . . "the enforcement of uncompensated obedience to a regulation established under this power for the public health or safety is not an unconstitutional taking of property without compensation or without due process of law."

*Tennessee,* 256 F.2d at 256–57 (quoting *Atl. Coast Line R.R. Co. v. Goldsboro,* 232 U.S. 548, 558–59, 34 S.Ct. 364, 368, 58 L.Ed. 721 (1914)).

AT & T's contract with Toledo grants it an easement to operate and maintain its telecommunications cable within the boundaries of a sixteen-and-a-half-foot-wide strip of land. Toledo's actions requiring AT & T to move its telecommunications cable, at its own expense, to a lower depth within that strip of land did not substantially or unreasonably interfere with that easement, and therefore, as in the above-cited cases, did not amount to a taking of AT & T's easement. *Cf. State ex rel. OTR v. City of Columbus,* 76 Ohio St.3d 203, 667 N.E.2d 8, 12–13 (1996) (stating that "to establish a taking, a landowner must demonstrate a substantial or unrea-

---

1. The Court acknowledges that Plaintiff's breach of easement might succeed had the original easement been granted by a private entity, or an entity other than the city. *See, e.g., Panhandle E. Pipe Line Co. v. State High-* *way Comm'n,* 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090 (1935); *St. Albans Township Bd. of Trs. v. Columbia Gas Transmission Corp.,* 116 Ohio App.3d 349, 688 N.E.2d 48 (1997).

sonable interference with a property right" and holding that easements were taken where access routes were permanently and completely blocked by a concrete retaining wall).

 Lastly, Toledo persuasively asserts that AT & T is not entitled to relocation assistance and/or compensation under either the Uniform Relocation Assistance Act ("URAA"), 42 U.S.C. §§ 4601 *et. seq.*, or its state equivalent, Ohio Revised Code §§ 163.51 *et. seq.* The URAA provides financial assistance and other benefits to displaced persons "injured by the acquisition of real property by a state or federal agency using federal funds." *Consumers Power Co. v. Costle*, 468 F.Supp. 375, 378 (E.D.Mich.1979), *aff'd*, 615 F.2d 1147 (6th Cir.1980). *See also* 42 U.S.C. §§ 4601(1)-(6), 4622, 4625, 4630. Likewise, Ohio's relocation compensation statute requires a state agency to pay the relocation expenses of a displaced person "whenever [a state] agency acquires real property for a program or project" with federal financial assistance or is carrying out any state highway project. *Weir v. Consol. Rail Corp.*, 12 Ohio App.3d 63, 465 N.E.2d 1341, 1343 (1983);[2] *see also* Ohio Rev.Code §§ 163.51(A)-(E), 163.53. Plaintiff's complaint fails to allege Toledo's construction activities involve federal financial assistance or that Toledo is carrying out a state highway project.

 Moreover, AT & T is not entitled to relief under the URAA or the Ohio relocation assistance statute, as Plaintiff has been merely required to shift its telecommunications cable within the boundaries of the easement. *See Consumers Power Co.*, 615 F.2d at 1149–50 (explaining that a utility forced to shift its pipes due to feder-

ally funded sewage projects was not a displaced person entitled to compensation under the URAA, having lost no right, because it was able to maintain its pipes in the same ground in which they had previously been maintained); *cf. Weir*, 465 N.E.2d at 1343, 1347 (asserting that the utility was a displaced person and entitled to compensation, as it was required to move an underground pipeline to an entirely new location when the state acquired, to build an interstate highway, the land through which the utility had an easement).

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's Complaint (Doc. No. 8) is granted. Defendant's motion (Doc. No. 20) to strike portions of Plaintiff's surreply is denied as moot.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant's motion to dismiss Plaintiff's Complaint (Doc. No. 8) is granted.

FURTHER ORDERED that Defendant's motion (Doc. No. 20) to strike portions of Plaintiff's surreply is denied as moot.

---

**2.** The Court recognizes that the easement conferred an interest in real property on Plaintiff. *See Consumers Power Co. v. Costle*, 615 F.2d 1147, 1148 (6th Cir.1980); *Weir*, 465 N.E.2d at 1345.