[Cite as *Vineyard Fellowship v. Anderson*, 2015-Ohio-5083.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Vineyard Christian Fellowship
of Columbus,                                        :

                                                    :           Nos. 15AP-151 and
                Plaintiff-Appellee,                                 15AP-230
                                                    :          (C.P.C. No. 13CV-7198)

v.                                                  :
                                                    :          (REGULAR CALENDAR)
Kevin Anderson et al.,
                                                    :
                Defendants-Appellants.
                                                    :

---

D E C I S I O N

Rendered on December 8, 2015

---

*Bricker & Eckler, LLP*, and *Drew H. Campbell*, for appellee.

*Thomas W. Condit* and *James P. Urling*, for appellants.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellee, Vineyard Christian Fellowship of Columbus, a non-profit corporation, operating a church at 6000 Cooper Road in Westerville, Ohio, brought an action for declaratory and injunctive relief against a group of protesters. It alleged that defendants-appellees, Kevin Anderson, Richard Justman, and others acting in concert with them ("appellants"), were trespassing on its private property and creating a nuisance. Appellants were demonstrating in front of the church at the entrance to its parking lots, placing large signs on the grassy area between Cooper Road and the Vineyard parking lot immediately before, during, and after weekend church services, which occur on Saturday evenings and Sunday mornings. Appellants maintained they were standing and setting

up signs on a public right-of-way, and therefore they had a First Amendment right to assemble and protest against the Vineyard.

**Procedural and Factual Background**

{¶ 2}   The trial court conducted hearings, took evidence, and considered written briefs and submissions by the parties.  Appellants presented evidence that the City of Columbus ("City") has a 30-foot right-of-way from the center of Cooper Road east towards the church property, and a similar 30-foot right-of-way on the west side of Cooper Road.  The roadway itself runs generally north and south and is approximately 24-feet wide.  Simple arithmetic would indicate the city's easement would then extend approximately 18 feet onto the grassy area between the edge of the road and the church.  The road itself is a busy two-lane road with no shoulder, berm, or sidewalks.  There is little pedestrian traffic.  The speed limit in the area is 45 miles per hour.

{¶ 3}   The trial court determined the issue of trespass without determining whether the City had a 60-foot right-of-way for road purposes.  The trial court decided the case as if it were a summary judgment proceeding, and made all reasonable inferences in favor of appellants. Assuming the existence of a 60-foot right-of-way, the trial court distinguished between the City's right-of-way for road purposes and the public right-of-way for unimpeded travel.  The trial court indicated it was unnecessary to add the City as a party to the litigation, as the actual dimensions of the City's easement were irrelevant to the issue of whether the protesters were trespassing.

{¶ 4}   The trial court found that the Vineyard owns the property in fee simple to the centerline of Cooper Road, subject to a roadway easement or right-of-way in favor of the City.  The trial court found that the public had a right of uninterrupted travel on the roadway itself.

{¶ 5}   The trial court indicated that because the City was not a party to the action, it could not make a definitive finding as to whether the City had a 60-foot right-of-way.  But for purposes of granting or denying the injunction, the trial court assumed that the roadway easement was 60-feet wide.  The trial court then distinguished between the right-of-way the City had for roadwork purposes and the publics right-of-way for public travel.  In doing so, the trial court concluded that: (1) Ohio's roadway statutes proscribe travel outside the street or highway; (2) there is a difference between a "right-of-way"

such as the City has to build or operate a roadway, and a "public right-of-way"; and, (3) public policy favors that rights-of-way for public travel be visually identifiable rather than ascertainable by a public records search.  The trial court held that the public right-of-way includes the road surface, sidewalk, and shoulder (if any is present), and that sidewalks are considered part of the street.  The trial court interpreted Ohio law as limiting pedestrians to travel on road areas visibly devoted to current travel.  Therefore, although the City may have a 60-foot right-of-way for road construction and maintenance that encompasses more than the road surface itself, the public right-of-way on Cooper Road is limited to the road surface itself since there is no shoulder or sidewalk present.

{¶ 6}   The trial court granted a permanent injunction against the protesters.  The trial court enjoined the appellants from:  (1) entering the property of the Vineyard for any unauthorized purpose;  (2) placing signs or any objects on the property;  and (3) requesting, suggesting, or otherwise causing others to trespass or place signs or objects on the Vineyard property.  The trial court also gave the Vineyard the right to remove and discard any unauthorized signs or objects placed upon the property.

{¶ 7}   The trial court declined to address the issue of nuisance.

## Assignments of Error

{¶ 8}   On appeal from the trial courts February 2, 2015, decision and entry granting the permanent injunction, appellants have assigned the following as error:

> [1.]  The trial court erred by granting, on summary judgment, a permanent injunction forbidding defendants from standing in a public right of way.
>
> [2.] The trial court erred by failing to deny, on summary judgment, the permanent injunction sought by Vineyard forbidding defendants from standing in a public right of way.
>
> [3.] The trial court erred by dismissing via summary judgment defendants' counterclaim for sanctions against Vineyard under R.C. §2323.51.
>
> [4.] The trial court erred by denying defendants' post-judgment motion for sanctions against Vineyard under R.C. §2323.51.

{¶ 9}   The Vineyard filed a cross-assignment of error as follows:

> The trial court erred by failing to grant declaratory relief in Plaintiff-Appellee's favor with respect to Count II of its Amended Verified Complaint.[1]

## Standard of Review

{¶ 10} Because the trial court decided the case as if on summary judgment, we apply a de novo standard of review. An appellate court reviews summary judgment under a de novo standard. *Briscoe v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 19. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} A party requesting a preliminary injunction must ordinarily show that: "(1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." *Proctor & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267 (2000). The test for the granting or denying a permanent injunction is substantially the same as that for a preliminary injunction, except instead of proving a substantial likelihood of prevailing on the merits, the plaintiff must prove that he has prevailed on the merits. *Great Plains Exploration, LLC v. Willoughby*, 11th Dist. No. 2006-L-022, 2006-Ohio-7009, ¶ 12.

## First and Second Assignments of Error

{¶ 12} Appellants' first and second assignments of error are related and will be addressed together. Appellants argue that Cooper Road is 60-feet wide, and all of the grassy area beyond the actual paved surface of the road is a public right-of-way that entitles the protestors to stand, protest, and erect signs in front of the Vineyard.

---

[1] Count II requested a declaration that Vineyard is the owner in fee simple of the disputed property, subject only to the roadway easement in favor of the City, and that the Defendants' entrance on the property to place signs or anything of any type or nature without the express consent of the Vineyard constitutes a trespass forbidden in law and equity.

Appellants claim they are not trespassing; rather, they are merely using a public right-of-way which is a traditional public forum where they are free to protest.

{¶ 13} The Vineyard presents a two-fold argument. First, the Vineyard argues there is no public right-of-way over the grass frontage on Vineyard property because there is no recorded easement or history of prescriptive use of the grass frontage. This was the basis of the trial courts ruling at the preliminary injunction phase, although the trial court later changed the basis of its ruling at the permanent injunction phase.

{¶ 14} Alternatively, the Vineyard argues that, even assuming the City has a 60-foot right-of-way, it is not a right-of-way open to the public for standing, walking, or protesting on their property. Instead, it is a right-of-way in favor of the City for road construction, repair, and maintenance. The Vineyard contends that pedestrian traffic must be confined to the actual paved surface of the roadway pursuant to the Ohio Revised Code, and that the grass frontage is not open to pedestrians or protestors.

{¶ 15} Thus, the central issue on appeal is whether the use of the grassy area adjacent to the paved portion of Cooper Road is limited to road purposes or if the general public may congregate and display large signs on that portion of the Vineyards property.

{¶ 16} Appellants spend the bulk of their written argument on the issue of whether the Cooper Road right-of-way is 60-feet wide. The evidence presented to the trial court showed that the Vineyard owns its property in fee simple up to the center line of Cooper Road subject to a right-of-way belonging to the City. The actual dimensions of the right-of-way were not determined by the trial court, but for purposes of deciding the issue of trespass, the trial court assumed the City had a 60-foot right-of-way extending approximately 18 feet onto the grassy area immediately east of the paved portion of Cooper Road.

{¶ 17} Without belaboring the point, a brief recap of the evidence follows.

{¶ 18} David Martin, Ohio division president for Stewart Title Company testified as an expert witness for the Vineyard. He rendered his expert opinion as follows:

> "That the land owned by the Vineyard Church, the parcel of land they own runs to the center line of Cooper Road. Cooper Road is a 60-foot wide easement. There was no plat dedication or deed creating the road. Its an ancient road; that the easterly 30-feet of the 60-foot right-of-way lies within the land owned in fee simple by the Vineyard Church;

and that 30 feet is subject only to that right of the City of Columbus and the roadway easement." (Aug. 1, 2013 Tr. 30.)

{¶ 19} Martin found no recorded easements on behalf of the City or anyone else dealing with the front of the property facing Cooper Road. (Aug. 1, 2013 Tr. 43-44.)

{¶ 20} Jerry Ryser, the public right-of-way permit manager for the City also testified that the City had an easement of 30 feet on both sides of the center of Cooper Road. However, he testified that he could find no documents establishing an express easement or the granting of any interest to the City covering the grass frontage. (Aug. 1, 2013 Tr. 8.) He also indicated the City had the right to repair and maintain the roadway in order to facilitate safe travel for the public.

{¶ 21} David Pearson, the geographic information system administrator for the Franklin County Engineers Office testified by means of deposition as to the existence of a 60-foot right-of-way, but he was unable to locate any recorded instrument reflecting any interest in land held by any other entity covering the grass frontage at the Vineyard. (Pearson Depo. at 55-56; R. 170). In an e-mail between Pearson and the attorney for the protestors, Pearson stated in part:

> The section of Cooper Rd. in question was established in 1810 with no r/w width stated in the records. Under the Ohio road laws, (I have attached a summary) roads established at that time were not to exceed 66 feet. There is no evidence to support what it may have been in 1810 and it becomes a moot point because in 1927, Cooper Rd. was improved and the r/w was re-established to be 60 feet in width as shown in the plans I sent to you that are of record here at the County Engineers Office.

(R. 172.)

{¶ 22} Appellants also submitted evidence that the 1927 Cooper Road improvement project was dedicated for "the public convenience and welfare." The Vineyard attacked the validity of the records relating to the 1927 road improvement project as not fulfilling statutory requirements.

{¶ 23} Thus, based on the evidence presented, the trial court was clearly within its discretion to assume, for purposes of deciding the request for a permanent injunction, that the City has a 60-foot right-of-way on Cooper Road.[2]

{¶ 24} Appellants assume that because they have presented evidence of the existence of a 60-foot right-of-way, and because the 1927 Cooper Road improvement project was dedicated for the public convenience and welfare that automatically means that the City's right-of-way is a public right-of-way that entitles appellants to protest, stand, walk, and erect signs on the grassy area in front of the Vineyard.

{¶ 25} However, the existence of a right-of-way in favor of the City, even one dedicated to "the public convenience and welfare" is not dispositive of the issue of whether the grassy area on the east side of Cooper Road is a traditional public forum open to the public for assembly and debate.

{¶ 26} "Section 19, Article I of the Ohio Constitution provides that '[p]rivate property shall ever be held inviolate, but subservient to the public welfare.' " *State ex rel. OTR v. Columbus*, 76 Ohio St. 3d 203, 206 (1996).

{¶ 27} The Attorney General of Ohio has opined on the issue as follows:

{¶ 28} The term "right-of-way" "is generally understood as referring to the easement acquired by the public in that portion of the land of the owner thereof over which a road or highway passes, with all the powers and privileges that are necessarily incident to such easement." 1988 Ohio Atty.Gen.Ops. No. 88-080, citing *Ohio Bell Telephone Co. v. Watson Co.*, 112 Ohio St. 385, 389 (1925) ("outside the limits of municipality, the fee to the land in the rural highway rests in the abutting landowner, subject only to such rights as are incident to and necessary for public passage, in other words, the right of the public to improvement, maintenance and uninterrupted travel").

{¶ 29} Accordingly, "[t]he right-of-way of a public road or highway established by common law dedication or by prescription includes both the improved road surface used for travel and as much of the land immediately adjacent thereto, and the use thereof, as is necessarily incident to the safe and efficient use of such road surface for actual travel."

---

[2] The court notes that a related action is proceeding in the United States District Court, Southern District of Ohio, Eastern Division, in which the City is a party with respect to the grassy area on the *west* side of Cooper Road. *See Anderson v. Columbus*, S.D.Ohio No. 2:15-cv-1030 (Sept. 10, 2015) (granting motion of Vineyard to intervene).

1988 Atty.Gen.Ops. No. 88-080, paragraph 3 of the syllabus. *See also* 1994 Atty.Gen.Ops. No. 94-032 (concerning township roads).

{¶ 30} As the trial court noted, normally this right-of-way would include the shoulder or berm. R.C. 4511.01(UU)(2) defines "[r]ight-of-way" as "[a] general term denoting land, property, or the interest therein, usually in the configuration of a strip, acquired for or devoted to transportation purposes. When used in this context, right-of-way includes the roadway, shoulders or berm, ditch, and slopes extending to the right-of-way limits under the control of the state or local authority." However, in this case, there is no shoulder, berm, or sidewalk along the property.

{¶ 31} Ohio's roadway use statutes provide that: "Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway." R.C. 4511.50(C). Thus, as the trial court concluded, there is no public right-of-way for pedestrian travel on the grassy area east of the pavement in front of the Vineyard church.

{¶ 32} In other words, the right-of-way of public roads is not an unrestricted right for the public to enter onto the private property of an abutting landowner, but consists of the rights necessary for the safe and efficient use of the road surface for actual vehicular and pedestrian travel. While the City may own a right-of-way for road purposes that is 60-feet wide, the public right-of-way for pedestrian travel is currently limited to the pavement of Cooper Road itself.

{¶ 33} In Ohio, "while the public has the right of improvement and uninterrupted travel, the abutting owner has the right to all uses of the land not inconsistent with this right of travel and improvement." *Callen v. Columbus Edison Elec. Light Co.*, 66 Ohio St. 166, 172 (1902). "The rights of an owner abutting a highway are well defined. '* * * The abutting owner has every right to all uses of the land not inconsistent with such right of improvement and travel, or with the rights of access thereto of other abutting owners.' " *Miller v. Berryhill Nursery Co.*, 7 Ohio App. 2d 30, 33 (2d Dist.1966), quoting 27 Ohio Jurisprudence 2d 207, Highways and Streets, Section 165.

{¶ 34} The easement for a public highway includes the right to construct, maintain, and improve a safe and convenient roadway. "The public has the right to

improve and use the land upon which a common highway has been established." *State ex rel. E. Ohio Gas Co. v. Bd. of Cty. Comm. of Stark Cty.*, 5th Dist. No. 2012 CA 00019, 2012-Ohio-4533, ¶ 40.

{¶ 35} There was testimony in the record that the City could install sidewalks along Cooper Road and, under Ohio law, the sidewalk would then also be considered part of the street and the public right-of-way. (R. 102.) *Pretzinger v. Sunderland*, 63 Ohio St. 132, 140 (1900) (sidewalk considered part of street). Currently, this is not the case.

{¶ 36} "A traditional public forum is a place 'which by long tradition or by government fiat ha[s] been devoted to assembly and debate.' " *Tucker v. Fairfield*, 398 F.3d 457, 463 (6th Cir.2005), quoting *Perry Edn. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 46 (1983). "[B]oth streets and sidewalks are generally considered traditional public fora. *See City of Columbus v. Bricker*, 131 Ohio App.3d 675 (10th Dist.1998) (protester allowed to place a tripod with attached sign on the sidewalk and to stand and walk on the sidewalk as part of public right-of-way in order to protest against abortion); *Parks v. City of Columbus*, 395 F.3d 643, 652 (6th Cir.2005) (permitted streets remain a traditional public forum, and individual allowed to attend the Columbus Arts Festival wearing a sign bearing a religious message).

{¶ 37} This is not to say that the appellants cannot protest or carry signs on the surface of Cooper Road itself, but it is a busy two-lane road, and there was evidence in the record that the Columbus would require a parade permit and special duty police officers for traffic control in order to protect the safety of the public, should appellants desire to organize a protest on the road. *See* Columbus City Code 2111.02 (parade permit required for roadway use) and Columbus City Code 2111.04 (special duty officers for traffic control) ("Motion for Joinder of City of Columbus as a Necessary Party"; R. 85.)

{¶ 38} Therefore, at the present time, the public right-of-way for pedestrian travel on Cooper Road is limited to the actual pavement, and Vineyard has shown that appellants were trespassing on the Vineyard's property. "A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue, even though such damages may be insignificant." *Linley v. DeMoss*, 83 Ohio App.3d 594, 598 (1992); *Apel v. Katz*, 83 Ohio St.3d 11, 19 (1998).

{¶ 39}  The first and second assignments of error are overruled.

**Third and Fourth Assignments of Error**

{¶ 40}  In their third assignment of error, appellants contend the trial court erred in dismissing a counterclaim for sanctions against the Vineyard for taking the position that appellants were trespassing when appellants were standing in a public right-of-way. Appellants contend that the Vineyard's argument that appellants were trespassing was objectively meritless, and that the trial court agreed with the Vineyard by means of an equally erroneous path.

{¶ 41}  Appellate review of a decision to grant or deny sanctions under R.C. 2323.51 is under an abuse of discretion standard.  *State ex rel. Striker v. Cline,* 130 Ohio St.3d 214, 2011-Ohio-5350, ¶ 11; *Sopp v. Turner,* 10th Dist. No. 10AP-25, 2010-Ohio-4021, ¶ 9.

{¶ 42}  Obviously, in overruling the first two assignments of error, we found the reasoning of the Vineyard and that of the trial court to be persuasive and not meritless on the issue of trespass.

{¶ 43}  The third assignment of error is overruled.

{¶ 44}  In their fourth assignment of error, appellants contend the trial court erred by denying a post-judgment motion for sanctions against the Vineyard for arguing against the existence of a 60-foot right-of-way in favor of the City.  The Vineyard was challenging the legal sufficiency of the evidence submitted by appellants, not that the documents existed or that they said what they did.  The Vineyard also challenged the legal effect of a 60-foot right-of-way in the absence of any recorded or prescriptive easements in the grass frontage.  These were legitimate legal arguments and not frivolous by any means.

{¶ 45}  The fourth assignment of error is overruled.

{¶ 46}  Based on the foregoing, appellants' four assignments of error are overruled. In light of this decision, the cross-assignment of error is overruled as moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J., and DORRIAN, J., concur.

———————